WILLIAM HEESE, APPELLEE, v. ORVILLE H. PLANTZ,
APPELLANT.

ALFRED BEAUMONT, APPELLEE, v. ORVILLE H. PLANTZ,
APPELLANT.

FILED DECEMBER 31, 1924.   No. 22951.

Searches and Seizures:   SEARCH-WARRANT.   Under statutory authority of a magistrate to issue a warrant for a search in the nighttime as well as in the daytime a search-warrant commanding an officer to search the premises of accused "any time" may be sufficient to authorize a search at night.   Comp. St. 1922, secs. 10018, 10019.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE.   *Reversed.*

*Crofoot, Fraser, Connolly & Stryker,* for appellant.

*Dolezal, Spear & Mapes, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

ROSE, J.

William Heese, plaintiff, brought this action against Orville H. Plantz, defendant, to recover $10,000 in damages for a malicious prosecution and an unlawful search. In a proceeding before a justice of the peace for Dodge

county, Plantz accused Heese of stealing and concealing 25 chickens belonging to the former. As a result the magistrate issued a search-warrant. Officers under the direction of Plantz searched the premises and home of Heese. Not finding the stolen chickens, Plantz directed the dismissal of the criminal prosecution. In the present action for damages Heese pleaded that the false charge was malicious and without probable cause, and that the search was unlawfully made in the nighttime under a search-warrant authorizing a search in the daytime only. Plantz denied malice on his part, and alleged that he made the complaint in good faith, that his chickens had been stolen, and that he had probable cause to believe Heese had committed the offense charged. Upon a trial of the issues the district court directed the jury that the search was unlawful and that Heese was entitled to recover resulting damages. The jury returned a verdict in his favor for $800, and from a judgment thereon Plantz has appealed.

Did the trial court err in directing the jury that the search was unlawful? This is the controlling question presented by the appeal. A search-warrant was regularly issued on a sufficient showing. The instruction limiting the inquiry of the jury to the amount of damages sustained by Heese was based on the propositions that the magistrate in his writ authorized a search in the daytime only, and that consequently the search at night was unlawful. The instruction seems to be erroneous. There are two sections of the statute relating to the issuance of search-warrants. One provides for a form commanding the officer to whom the search-warrant is directed to make the search in the daytime. Comp. St. 1922, sec. 10018. Another authorizes the magistrate to order the search in the nighttime. Comp. St. 1922, sec. 10019. In the present instance the magistrate obviously used a form intended for a search in the daytime. It shows on its face that it was partly printed with appropriate blanks for names, dates and other matter varying with each individual case. Part of one printed line reads thus: "You are hereby commanded to enter in

the daytime." Above the words, "the daytime," which were not erased, the magistrate inserted with a pen, "any time." The purpose to change the printed form directing a search in the daytime to one for a search at "any time" is clear. Inserting the words "any time" added nothing to the writ, if intended to order a search in the daytime only. The written words inserted by the magistrate added to or changed the printed matter from "daytime" to "any time" and the latter fairly included "nighttime." This is shown on the face of the search-warrant issued, and the trial court was in error in holding that the search at night was unlawful because the search-warrant authorized a search in the daytime only.

On account of a similar charge and search, Alfred Beaumont also recovered a judgment against Plantz in another action. The cases were consolidated, tried, and appealed together. The error pointed out is common to both cases. The judgments are therefore reversed and the causes remanded for further proceedings.

REVERSED.

